United States Bankruptcy Court
Southern District of Texas

**ENTERED**

July 14, 2026

Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| IN RE: § | |
| § | **CASE NO: 25-33457** |
| **RICHARD DOUGLAS DUKES, JR.,** § | |
| **SONYIA TERRESA DUKES,** § | **CHAPTER 7** |
| § | |
| Debtors. § | |
| § | |
| **CADENCE BANK,** § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | **ADVERSARY NO. 25-3727** |
| § | |
| **RICHARD DOUGLAS DUKES, JR.,** § | |
| § | |
| Defendant. § | |

**MEMORANDUM OPINION**
**DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

On May 8, 2026, Cadence Bank ("*Plaintiff*" or "*Cadence*") filed its Motion for Summary Judgment on Dischargeability Under 11 U.S.C. § 523(a)(6) ("*Motion for Summary Judgment*"). ECF No. 15. On June 1, 2026, Richard Douglas Dukes, Jr. ("*Defendant*" or "*Mr. Dukes*") filed his Objection to Plaintiff's Motion for Summary Judgment and Request for Additional Time to Respond. ECF No. 16. The Court, having reviewed the motion, the response, the summary judgment evidence, and the applicable law, finds that genuine disputes of material fact preclude the entry of summary judgment in favor of Plaintiff. Therefore, Plaintiff's Motion for Summary Judgment is DENIED, and Adversary Proceeding No. 25-3727 will proceed to discovery.

## I. BACKGROUND

This adversary proceeding arises from Plaintiff's claim that Defendant's debt should be excepted from discharge under 11 U.S.C. § 523(a)(6) as a debt for willful and malicious injury.

ECF No. 1, at 7–10. The underlying facts are as follows: on January 17, 2020, R Dukes Transport LLC ("*R Dukes Transport*") executed an Equipment Finance Agreement with Plaintiff in the original principal sum of $126,670.00, secured by one 2016 Peterbilt 389 truck and one 2016 Cottrell 9 Car Hauler Trailer (collectively, the "*Collateral*"). ECF No. 1, ¶ 16. On January 17, 2020, Defendant executed a Guaranty Agreement guaranteeing the indebtedness of R Dukes Transport. ECF No. 1, ¶ 17. Defendant owned 100% of R Dukes Transport. ECF No. 1, ¶ 16. R Dukes Transport and Defendant defaulted on the agreements, and on May 26, 2023, Plaintiff filed suit in Montgomery County, Texas. ECF No. 1, ¶ 18.

On November 13, 2023, the parties entered into an Agreed Judgment in which Defendant and R Dukes Transport agreed to pay Plaintiff $59,178.61 in principal and prejudgment interest, $4,000.00 in attorneys' fees, $442.43 in court costs, and post-judgment interest at 9% per year. ECF No. 1, at 23. The Agreed Judgment also provided for foreclosure of Plaintiff's security interest in the Collateral. *Id.* On June 18, 2025, Defendant and his wife filed their voluntary chapter 7 bankruptcy petition. Bankr. ECF No. 1. "Bankr. ECF" refers docket entries made in the Debtor's bankruptcy case, No. 25-33457. Entries made in Plaintiff's Case number 25-3727 shall take the format of ECF No.__.

Plaintiff alleges that at the 341 Meeting of Creditors held on July 16, 2025, Defendant testified under oath that he had abandoned the Collateral at a shop in Laredo, Texas. ECF No. 1, ¶ 20. Defendant alleges that he left the Collateral with a mechanic named Rafael Gomez Gomez and provided Plaintiff with a phone number for Mr. Gomez Gomez. *Id.* Plaintiff alleges that multiple attempts to contact Mr. Gomez Gomez at the number provided were unsuccessful, that a search for Rafael Gomez Gomez throughout the United States yielded no results, and that the name and phone number provided by Defendant were false. ECF No. 1, ¶ 20. Plaintiff contends that

Defendant's abandonment of the Collateral, coupled with allegedly false testimony regarding its location, constitutes willful and malicious injury under 11 U.S.C. § 523(a)(6). ECF No. 1, ¶ 21.

Defendant argues that he provided truthful information based on his communications with the person who possessed the Collateral at the relevant time. ECF No. 16, at 2. Defendant asserts that he has text message communications with the phone number he supplied, showing that at the relevant time the number belonged to the mechanic with whom he left the vehicle and showing that Defendant had various conversations with the mechanic about repairing the vehicle. ECF No. 18, at 3. Defendant contends that the fact that Plaintiff's representative could not locate Rafael Gomez Gomez and that the phone number no longer connects to the same person does not prove intentional misconduct. ECF No. 16, at 2.

## II.   JURISDICTION, VENUE & CONSTITUTIONAL AUTHORITY

This Court holds jurisdiction pursuant to 28 U.S.C. § 1334 and exercises its jurisdiction in accordance with Southern District of Texas General Order 2012–6. *In re*: *Order of Reference to Bankruptcy Judges*, Gen. Order 2012–6 (S.D. Tex. May 24, 2012). Section 157 allows a district court to "refer" all bankruptcy and related cases to the bankruptcy court, wherein the latter court will appropriately preside over the matter. 28 U.S.C. § 157(a); *see also In re: Order of Reference to Bankruptcy Judges*, Gen. Order 2012-6 (S.D. Tex. May 24, 2012). This Court determines that pursuant to 28 U.S.C. § 157(b)(2)(I) this proceeding contains core matters, as it primarily involves proceedings concerning dischargeability of particular debts. *See* 11 U.S.C. § 157(b)(2)(I). This proceeding is also core under the general "catch-all" language because such a suit is the type of proceeding that can only arise in the context of a bankruptcy case. *See Southmark Corp. v. Coopers & Lybrand (In re Southmark Corp.)*, 163 F.3d 925, 930 (5th Cir. 1999) ("[A] proceeding is core under § 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its

nature, could arise only in the context of a bankruptcy case.") (quoting *Wood v. Wood (In re Wood)*, 825 F.2d 90, 97 (5th Cir. 1987)). This Court may only hear a case in which venue is proper. 28 U.S.C. § 1408. 28 U.S.C. § 1409(a) provides that "a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending." The Debtor's underlying bankruptcy case, No. 25-33457, is pending in this Court, and so venue is proper.

While bankruptcy judges can issue final orders and judgments for core proceedings, absent consent, they can only issue reports and recommendations on non-core matters. *See* 28 U.S.C. §§ 157(b)(1), (c)(1); *see also Stern v. Marshall*, 564 U.S. 462, 480 (2011); *see also Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1938–40 (2015). The dischargeability of particular debts pending before this Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). Accordingly, this Court concludes that the narrow limitation imposed by *Stern v. Marshall* does not prohibit this Court from entering a final order here. *See, e.g.*, *Badami v. Sears (In re AFY, Inc.)*, 461 B.R. 541, 547–48 (8th Cir. B.A.P. 2012) ("Unless and until the Supreme Court visits other provisions of Section 157(b)(2), we take the Supreme Court at its word and hold that the balance of the authority granted to bankruptcy judges by Congress in 28 U.S.C. § 157(b)(2) is constitutional."); *see also Tanguy v. West (In re Davis)*, No. 00-50129, 538 F. App'x 440, 443 (5th Cir. 2013) ("[W]hile it is true that *Stern* invalidated 28 U.S.C. § 157(b)(2)(C) with respect to 'counterclaims by the estate against persons filing claims against the estate,' *Stern* expressly provides that its limited holding applies only in that 'one isolated respect.'"). Alternatively, this Court has constitutional authority to enter a final order because all parties in interest have consented, impliedly if not explicitly, to adjudication of this dispute by this Court. *Wellness Int'l Network, Ltd.*, 135 S. Ct. at 1947 ("Sharif contends that to the extent litigants may validly consent to adjudication by a bankruptcy court,

such consent must be expressed. We disagree. Nothing in the Constitution requires that consent to adjudication by a bankruptcy court be express. Nor does the relevant statute, 28 U.S.C. § 157, mandate express consent . . . ."). None of these parties have ever objected to this Court's constitutional authority to enter a final order or judgment. These circumstances unquestionably constitute implied consent. *See id.* Thus, this Court wields the constitutional authority to enter a final order here.

### III.   LEGAL STANDARDS

#### A.  Federal Rule of Civil Procedure 56

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists when the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Ion v. Chevron USA, Inc.*, 731 F.3d 379, 389 (5th Cir. 2013). The moving party bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. *Nola Spice Designs, L.L.C. v. Haydel Enters.*, 783 F.3d 527, 536 (5th Cir. 2015). In considering a motion for summary judgment, the Court must draw all reasonable inferences in favor of the nonmoving party and may not make credibility determinations or weigh the evidence. *Ion*, 731 F.3d at 389. The Court "must disregard all evidence favorable to the moving party that the jury is not required to believe." *Id.*

#### B.  11 U.S.C. § 523(a)(6)

Under 11 U.S.C. § 523(a)(6), a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity" is excepted from discharge. The Supreme Court has held that "the word 'willful' in (a)(6) modifies the word 'injury,' indicating that nondischargeability takes

a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury." *Raspanti v. Keaty (In re Keaty)*, 397 F.3d 264, 270 (5th Cir. 2005). The Fifth Circuit has held that "an injury is 'willful and malicious' where there is either an objective substantial certainty of harm or a subjective motive to cause harm." *Id.* at 273. The party seeking to establish nondischargeability under § 523(a)(6) bears the burden of proof. *McClendon v. Springfield (In re McClendon)*, 765 F.3d 501, 504 (5th Cir. 2014). An honest, but mistaken belief does not satisfy the intentionality required for nondischargeability. *Id.* at 505. The debtor must have either intended the actual injury that resulted or intentionally taken action that was substantially certain to cause the injury. *Corley v. Delaney (In re Delaney)*, 97 F.3d 800, 802 (5th Cir. 1996).

## IV.  ANALYSIS

The Court finds that genuine disputes of material fact preclude the entry of summary judgment. Viewing the evidence in the light most favorable to Defendant, as the Court must, there are multiple factual disputes that are material to the determination of whether Defendant committed a willful and malicious injury under § 523(a)(6). They are as follows:

### A.  Defendant's intent and knowledge

The central factual dispute concerns Defendant's intent and the truthfulness of his statements regarding the location and identity of the person possessing the Collateral. Plaintiff contends that Defendant provided false information with the intent to conceal the Collateral's location. ECF No. 15, ¶ 21. Defendant contends that he provided truthful information based on his actual communications with the mechanic and that any subsequent inability to locate the mechanic does not establish intentional misconduct. ECF No. 16, at 2. Defendant asserts that he has text message communications with the phone number he provided, which show that at the relevant time the number belonged to the mechanic who possessed the vehicle. ECF No. 16, at 2. Defendant

also asserts that the text messages show that Defendant had discussions with the mechanic about repairing the vehicle. ECF No. 16, at 2. This evidence, if credited, would support Defendant's claim that he was truthful when he identified Rafael Gomez Gomez and provided the phone number. *See* ECF No. 16, at 2. Whether Defendant possesses such communications between himself and Rafael Gomez Gomez and whether they corroborate Defendant's testimony are factual questions.

Plaintiff has not presented evidence that definitively establishes the falsity of Defendant's statements. The fact that Plaintiff's representative was unable to locate Rafael Gomez Gomez through a search or reach him at the phone number provided does not, standing alone, prove that Defendant intentionally provided false information. *See* ECF No. 15, ¶ 21. A reasonable jury could find that circumstances changed between the time Defendant left the Collateral with the mechanic and the bankruptcy filing, or that the mechanic became unreachable for reasons unrelated to Defendant's intent.

## B. The circumstances of the Collateral's abandonment

Plaintiff characterizes Defendant's conduct as "abandonment" of the Collateral coupled with efforts to conceal its location. ECF No. 15, at 8–9. Defendant characterizes his conduct differently: he left the Collateral at a repair shop in Laredo because it broke down and needed extensive repairs, including a whole engine replacement and turbo, which he could not afford to fix immediately. ECF No. 18, at 4. Whether Defendant "abandoned" the Collateral in the legal sense—that is, whether he relinquished possession with the intent to deprive Plaintiff of its security interest—or whether he left the Collateral with a mechanic for repairs he intended to complete when financially able, is a disputed factual question material to the § 523(a)(6) analysis.

The Fifth Circuit has recognized that abandonment of collateral, when coupled with additional conduct demonstrating willful and malicious intent, may support nondischargeability. *See In re Modicue*, 926 F.2d 452, 453 (5th Cir. 1991). To establish that a debt is nondischargeable under 11 USC § 523 for "willful and malicious injury," the Fifth Circuit applies a unitary test rather than analyzing "willful" and "malicious" as separate elements. *Miller v. J.D. Abrams Inc. (In re Miller)*, 156 F.3d 598, 603. Under this consolidated standard, an injury is deemed willful and malicious only where there is either: (i) an objective substantial certainty of harm, or (ii) a subjective motive to cause harm. *Id.* The objective standard is met when the debtor takes an intentional action that necessarily causes, or is substantially certain to cause, the injury. *Chowdary v. Ozcelebi (Ozcelebi)*, 635 B.R. 467, 478 (2021). Conversely, the subjective standard requires a finding that the debtor actually intended the resulting injury. *Id.*

To determine whether Defendant's conduct rises to the level of a willful and malicious injury, the Court must resolve disputed facts regarding Defendant's intent and the circumstances. At the 341 Meeting, Defendant testified that the truck "broke down." ECF No. 18, at 4. This testimony suggests mechanical failure, not deliberate concealment. *See id.* A reasonable jury could find that Defendant's inability to repair the Collateral and his subsequent loss of contact with the mechanic do not constitute willful and malicious injury but rather reflect financial hardship and changed circumstances. *See id.*

## C. The objective substantial certainty of harm

Under Fifth Circuit precedent, Plaintiff may satisfy the "willful and malicious" standard by showing either subjective motive to injure or objective substantial certainty of harm. *Raspanti v. Keaty (In re Keaty)*, 397 F.3d 264, 273 (5th Cir. 2005). Even if Plaintiff cannot prove subjective intent, it may prevail by showing that Defendant's actions were substantially certain to harm

Plaintiff's property interest. *See id.* But whether Defendant's conduct created an objective substantial certainty of harm to Plaintiff's security interest is itself a disputed factual question. Defendant's version of events—that he left the Collateral with a mechanic for repairs, provided accurate contact information based on his communications with that mechanic, and was truthful regarding the circumstances—does not, if believed, establish substantial certainty of harm. *See id.*; ECF No. 18, at 4. A reasonable jury could find that Defendant reasonably believed the Collateral was being held for repair and that he provided accurate information to the best of his knowledge.

Conversely, Plaintiff's version of events—that Defendant provided false information regarding a non-existent person with a disconnected phone number to conceal the Collateral— would, if proven, support a finding of substantial certainty of harm. *See In re Keaty*, 397 F.3d at 273. But Plaintiff has not established this version as undisputed fact. The conflicting evidence and inferences must be resolved by the factfinder. *See Celotex Corp. v. Catrett*, 106 S. Ct. 2548, 2552– 54 (1986).

### D. Credibility determinations are reserved for the factfinder

The disputed facts in this case turn heavily on Defendant's credibility and intent. Plaintiff asks the Court to conclude that Defendant's statements were false and that he acted with the intent to conceal the Collateral. ECF No. 15, at 8–9. Defendant asserts that he was truthful and that subsequent events beyond his control prevented Plaintiff from locating the mechanic. ECF No. 16, at 2. Federal Rule of Civil Procedure 56 does not permit the Court to resolve credibility disputes or weigh conflicting evidence on summary judgment. *Ion v. Chevron USA, Inc.*, 731 F.3d 379, 389 (5th Cir. 2013). The Court may not "undertake to evaluate the credibility of witnesses" at the summary judgment stage. *In re Green*, 968 F.3d 516, 520 (5th Cir. 2020). Even if an affidavit conflicts with prior deposition testimony, such conflicts present credibility questions for the jury, not grounds for

summary judgment. *See Kennett-Murray Corp. v. Bone*, 622 F.2d 887, 893 (5th Cir. 1980). Here, Defendant's testimony at the 341 Meeting must be evaluated in light of his asserted documentary evidence (the text message communications) and the surrounding circumstances. *See id.* Thus, whether Defendant's explanation is credible, whether his communications with the mechanic existed and corroborate his account, and whether his conduct demonstrates the requisite intent are all questions that must be reserved for trial.

### E.  Plaintiff has not met its burden of establishing the absence of genuine disputes

The moving party bears the burden of showing both the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *U.S. Steel Corp. v. Darby*, 516 F.2d 961, 962–63 (5th Cir. 1975). Plaintiff must establish that Defendant committed a willful and malicious injury—either with subjective intent to harm or with objective substantial certainty of harm—and that no reasonable jury could find otherwise. *See id.* Plaintiff argues that searches for Rafael Gomez Gomez yielded no results and that the phone number provided was not valid for Mr. Gomez Gomez. ECF No. 15, at 8–9. Even if true, while it would raise questions about Defendant's testimony, it does not eliminate the genuine factual disputes identified above.

Defendant has pointed to specific facts that, if established, would create a genuine dispute: the existence of text message communications with the mechanic at the number provided, the mechanical failure of the Collateral necessitating expensive repairs, and Defendant's lack of financial resources to complete those repairs. ECF No. 16, at 2. Under these circumstances, Plaintiff has not met its burden of demonstrating that no genuine dispute of material fact exists. Therefore, the Court cannot conclude as a matter of law that Defendant's debt is nondischargeable under § 523(a)(6) without resolving the factual disputes outlined above.

Thus, Plaintiff's Motion for Summary Judgment is DENIED, and Adversary Proceeding No. 25-3727 will proceed to discovery.

### V.   CONCLUSION

A judgment consistent with this Memorandum Opinion will be entered on the docket simultaneously herewith.

**SIGNED Tuesday, July 14, 2026**

_____

**Eduardo V. Rodriguez**
**Chief United States Bankruptcy Judge**